ACCEPTED
03-14-00068-CV
3865786
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/22/2015 3:13:29 PM
JEFFREY D. KYLE
CLERK

## APPEAL NO. 03-14-00068-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/22/2015 3:13:29 PM
JEFFREY D. KYLE
Clerk

## COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

## AUSTIN, TEXAS

_____

### LARRY MARK POLSKY, APPELLANT

### VS.

### THE STATE OF TEXAS, APPELLEE

_____

### APPEAL FROM CAUSE NO. D-1-GV-13-000067

### IN THE 126TH DISTRICT COURT OF TRAVIS COUNTY, TEXAS

_____

### APPELLANT'S MOTION FOR PERMISSION TO FILE ADDITIONAL

### AUTHORITY

_____

**TO THE HONORABLE THIRD COURT OF APPEALS:**

COMES NOW, Appellant, Larry Mark Polsky, Esq., and hereby requests this Honorable Court for leave to file additional authority and would show as follows:

1. Attached as Exhibit "A" are the applicable pages are the current Cameron County Beach Access and Dune Protection Plan.

2. That the main thrust of Polsky's appeal is that Javier Mendez who is the

1

Parks and Recreation Director of Cameron County was the sole individual who would report "alleged" violations of Polsky's dune protection permit to the Cameron County Commissioners.

3. That the attached "authority" supports Polsky's position as to this portion of his argument.

WHEREFORE, Larry Mark Polsky, Esq. respectfully requests this Honorable Court to allow him to file the attached additional authority which was previously filed as "Notice of Additional Authority."

Please govern yourselves accordingly.

/s/ Larry Mark Polsky, Esq.
LARRY MARK POLSKY, ESQ.
State Bar No. 16105500
Law Office of Larry Mark Polsky
5508 Padre Blvd.
South Padre Island, Texas  78597
(956)  761-1529  Telephone
(956) 761-1599  Facsimile

## CERTIFICATE OF CONFERENCE

I certify that I have previously emailed Shelly Doggett, Esq. and informed her that I would be filing the above "Notice of Additional Authority."  Ms. Doggett has not emailed me back to date stating whether or not she objects to same.

/s/ Larry Mark Polsky, Esq.
LARRY MARK POLSKY, ESQ.

2

## CERTIFICATE OF SERVICE

I certify that the original of this document was served on the Third Court of Appeals in Austin, Texas for filing by e-filing and copy by e-service to Shelly Doggett, Esq., P. O. Box 12548, MC-066, Austin, Texas 78711-2548 in accordance with the Texas Rules of Civil Procedure on the 22nd day of January 2015.

/s/ Larry Mark Polsky, Esq.
LARRY MARK POLSKY, ESQ.

# CAMERON COUNTY



# BEACH ACCESS
# AND
# DUNE PROTECTION

EX. A

The 1992 Cameron County Public Beach Access and Dune Protection Plan was developed over a five (5) month period, commencing in early July and completed in November of 1991. A county approved plan was forwarded from Cameron County to the Texas General Land Office for review and comment in accordance with the requirements of SB 1053. After revisions to address comments by the Texas General Land Office, the 1992 Cameron County Public Beach Access and Dune Protection Plan received approval on an interim basis by the Texas General Land Office in March 1993, and became the operative planning document for land development projects in the county's unincorporated coastal areas. Subsequent to interim approval of the plan, the Texas General Land Office developed rules which necessitated with requirements and conditions stipulated in the rules. Accordingly Cameron County staff, the Parks prepared and presented a revised plan in the summer of 1994. Cameron County Commissioners in compliance with public hearing requirements reviewed and approved the revised plan on October 20, 1994.

The court's purpose of this plan is to embrace the intent of SB 1053 so that public beach access and use along all Cameron County beaches are guaranteed in perpetuity by provision of adequate access points, to ensure that Cameron County will be protected from flood losses, and additionally to assure that the integrity of the beach/dune system is maintained and enhanced while recognizing landowner's private property rights, and affording mitigating options to the landowner that would protect dunes, while not unreasonably restricting private land use.

## C.   LEGAL AUTHORITY FOR PLAN ADOPTION

Cameron County Commissioners Court, under authority granted by Senate Bill No. 1053, herby establishes the Cameron County Public Beach Access and Dune Protection Plan in accordance with State statutes and requirements, and adopts all beach management practices relative to: protecting the beach /dune system seaward of the defined dune protection line, flood protection and public beach access requirements as represented in the plan. Additionally, Cameron County establishes, by order of Cameron County Commissioners Court (Court Order 1994-02), the Cameron County Public Beach Access interim 1992 CAMERON COUNTY PUBLIC BEACH ACCESS AND DUNE PROTECTION PLAN (COURT ORDER 1992-1), upon certification of said plan by Texas General Land office and Attorney General.

# II.  PUBLIC BEACH ACCESS IN UNICORPORATED AREAS

## A.   BEACHFRONT CONSTRUCTION CERTIFICATES

Beachfront construction certificates are required under Natural Resources Code §61.015 (c) - (h) for any construction within 1000 feet of mean high tide or up to the first public road, whichever distance is greater. The Cameron County Park System, operating through Cameron County Commissioners Court and advised by the County Parks Advisory Board, is hereby charged with responsibility for administering the beach access component of this plan. Applications for beachfront construction

2

certificates shall be reviewed by the County Parks Advisory Board not sooner than ten (10) days after written notification to the Texas General Land Office of the application for a beachfront construction certificate. The Cameron County Building Official shall be responsible for sending Beachfront Construction Applications to the state. Cameron County Commissioners' Court will review and take action on beachfront construction certificates as advised by parks system staff and the county Park Advisory Board, whose recommendations will be considered but are not binding on court action. Neither the County nor State shall unreasonably delay review or action on an application, and shall make a final determination on an application not later than 6 weeks from application receipt.

Findings necessary by the Court to issue a beachfront construction certificate are:

1.      the proposed project does not (directly or indirectly) reduce the size or encroach on the public beach in any manner, or impair or adversely effect public use of or access to and from a public beach, or

2.      the proposed project does not functionally support or depend on or is otherwise related to proposed or existing structures that encroach on the public beach, regardless of whether the encroaching structure is on land that was previously landward of the public beach.

## B.    REVISION OF BEACH ACCESS COMPONENT OF PLAN

Revision or update of the public beach access component of this plan shall be initiated b the Cameron County Parks Advisory Board. Prior to taking any action on an advisory board recommendation, the Cameron County Commissioners' Court shall conduct a public hearing. Approved plan changes shall be forwarded to the Texas General Land Office and Texas Attorney General for review and comment.

## C.    PUBLIC SAFETY FINDINGS

Cameron County recognizes that drive-on vehicular operations on beaches currently afford most public beach access in unincorporated county areas. The Commissioners' Court hereby establishes a beach access plan that provides for a continuance of vehicle access to some County beaches, but that institutes better management controls of vehicular beach use. Further, Cameron County hereby establishes that County's intent to incrementally redesignate selected vehicular beaches to pedestrian's beaches by provision of public off beach parking lots and beach access parks. Cameron County will when ever practical and in addition to legal requirements of A.D.A. laws, maintain and enhance free (no fee) beach access areas. Where practical, Cameron County will use walkovers to preserve and enhance beach access.

*Upon Cameron County planning for adequate parking or public access to the beaches where vehicular access is restricted, it was determined that it was impractical to provide public access while protecting the existing dune system. It was also determined that it was impossible to provide parking every ½ mile from*

condition in the original application.

c) A permit or certificate automatically terminates if construction comes to lie within the boundaries of the public beach by artificial means or by natural causes.

3. Administrative record.

The administrative record of official Commissioners' Court actions relative to permit and certificate applications shall be maintained within the minutes of the Commissioners' Court by the County Clerk as consistent with state law. The County Engineer shall keep the files relevant to applications and permitting for dune protection permits.

*Cameron County delegates the authority to the Town of South Padre Island and the City of Port Isabel to develop and implement a dune protection program for implementation within the Town's and City's corporate municipal limits only.*

4. Issuance or denials of dune protection permit.

a) To determine whether to issue or deny a permit, the Commissioners' Court or its designee should at least review and consider the following factors:

1) the information in the permit application

2) the proposed activity's consistency with this order and the General Land Office rules for management of the beach/dune system;

3) any other law relevant to dune protection which affects the activity under review;

4) the comments of the dune protection committee, the General Land Office, the Attorney General's Office, and the general public; and particularly:

i) cumulative and indirect effects of the proposed construction on all dunes and dune vegetation seaward of a dune protection line;

ii) cumulative and indirect effects of other activities on dunes and dune vegetation located on the proposed construction site;

iii) the pre-construction type, height, width, slope, volume, and continuity of the dunes, the pre-construction condition of the dunes, the type of dune vegetation, and percent of vegetative cover on the site;

iv) the local historical erosion rate as determined by the University of Texas at Austin, Bureau of Economic Geology, and whether the proposed construction may alter dunes and dune vegetation in a manner that may aggravate erosion;

v) all practicable alternatives to the proposed activity,

21

proposed site, or proposed methods of construction;

vi) the applicant's mitigation plan for any unavoidable adverse effects on dunes and dune vegetation and the effectiveness, feasibility, and desirability of any proposed dune reconstruction and revegetation;

vii) the impacts on the natural drainage patterns of the site and adjacent property;

viii) any significant environmental features of the potentially affected dunes and dune vegetation such as their value and function as floral and faunal habitat or any other benefits the dunes and dune vegetation provide to other natural resources;

ix) wind and storm patterns including a history of wash over patterns;

x) location of the site on the flood insurance rate map;

xi) success rates of dune stabilization projects in the area; and

6) Any other information the Commissioners' Court considers useful, including resource information made available to them by federal and state natural resource entities. The Commissioners' Court may issue a permit only if it finds as a fact, after a full investigation, that the particular conduct proposed will not have a net effect to materially weaken any dune or materially damage dune vegetation or reduce the effectiveness of any dune as a means of protection against erosion and high wind and water (with or without mitigation). To find that there will be no such material weakening or damage, the Commissioners' Court must find that:

5) Commissioners' Court will evaluate proposed projects to ensure that the following consequences will not result from the proposed activities:

a) The activity will not result in the potential for increased flood damage to the proposed construction site or adjacent property;

b) The activity will not result in runoff or drainage patterns that aggravate erosion on or off the site;

c) The activity will not result in significant changes to the natural permeability of a dune or its ability to transmit rainwater to the water table;

d) The activity will not disturb unique flora or fauna or result in adverse effects on dune complexes or dune vegetation; and

e) The activity will not significantly increase the potential for washovers or blowouts to occur.

F. GENERAL CONSIDERATIONS FOR PROTECTED DUNE AREAS

To minimize unavoidable adverse effects as required by Subdivision 3.D. of this section, permittees shall:

1. locate non-exempt pipelines across previously disturbed areas, such as

22